# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WW Energy, Inc.,

        Plaintiff,

vs.

Signature Stock Transfer, Inc.,                  No. 05-CV-00774 JCH/RHS

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff WW Energy, Inc.'s Complaint for Injunctive Relief and Request for Temporary Restraining Order and Preliminary Injunction, filed July 15, 2005 **[Doc. No. 1]**. The Court conducted a hearing on Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction on July 19, 2005 and July 20, 2005. Plaintiff appeared through counsel on July 18 and 19, 2005, Defendant Signature Stock Transfer, Inc., appeared *pro se* on July 18, 2005, and an interested party, Honeysuckle Partners, Inc., appeared through counsel on July 19, 2005. At the close of the hearing, the Court, having considered the motion, arguments, brief, and relevant law, and being otherwise fully informed, determined that Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction should be denied.

## FACTUAL BACKGROUND

On July 15, 2005, Plaintiff filed a Complaint seeking only a temporary restraining order and preliminary injunction against Defendant Signature Stock Transfer, Inc., a corporation that acts as Plaintiff's transfer agent. In its Complaint, Plaintiff presented the Court with the following limited factual background: (1) Defendant is the transfer agent for Plaintiff and now holds Plaintiff's

certificate number 51 currently in the name of Honeysuckle Partners, Inc., for two million shares of Plaintiff's stock; (2) despite having paid nothing for the shares, Honeysuckle has taken the position that it does not owe any money on the stock; (3) Plaintiff has placed a "stop transfer" order on certificate number 51 because Honeysuckle has not paid the consideration for the shares; (4) on June 20, 2005, Honeysuckle's broker Charles Schwab & Co. made a demand upon Defendant to transfer the shares; and (5) Defendant has notified Plaintiff that it will execute and process the transfer demanded by Schwab unless restrained from doing so by July 20, 2005.  Plaintiff also attached to its Request for Temporary Restraining Order and Preliminary Injunction copies of the stop transfer order, the demand letter from Charles Schwab, and Defendant's notice to Plaintiff that it will process the transfer demanded by Schwab within thirty days.  Plaintiff, through counsel, represented to this Court that its Request for Temporary Restraining Order and Preliminary Injunction was unopposed.

The Court set Plaintiff's Request for Temporary Restraining Order and Preliminary Injunction for hearing on July 18, 2005.  Plaintiff appeared though counsel and presented argument in favor of injunctive relief.  Defendant appeared *pro se* and indicated it did not oppose the relief requested.  In response to various inquires of the Court, Plaintiff, through counsel, indicated that it was not aware of any steps other than the stop transfer order that Plaintiff had taken to obtain payment from Honeysuckle, that it did not know why Honeysuckle would take the position that it is not obligated to pay Plaintiff, and that it was aware of, but did not currently have in its possession, a contract setting forth the obligations of Plaintiff and Honeysuckle with respect to the transfer of the shares.  In response to the Court's inquiry why Plaintiff did not name Honeysuckle as a defendant in this case, Plaintiff indicated that if the Court granted a temporary restraining order, it expected Honeysuckle to intervene prior to a hearing on a preliminary injunction.

-2-

At the close of the hearing on July 18th, the Court concluded that Honeysuckle was an interested party and therefore continued the hearing until July 19th. The Court instructed Plaintiff to notify Honeysuckle of the hearing. The Court also informed Defendant that, pursuant to this Court's local rules, Defendant could not appear *pro se* before the Court at the July 19th hearing. *See* L. R. Civ. P. 83.7.

At the July 19, 2005, hearing, Plaintiff appeared though counsel and Defendant chose not to appear. Honeysuckle, pursuant to the Court's invitation, appeared through counsel for the limited purpose of contesting Plaintiff's request for emergency relief. Honeysuckle reserved its right to object to jurisdiction and venue of the Court.

Honeysuckle provided the Court with a more extensive version of the factual background. According to Honeysuckle, Plaintiff and Honeysuckle signed a consulting agreement on March 1, 2005, allegedly requiring Plaintiff immediately to tender a stock certificate to Honeysuckle, which it failed to do until four weeks later. Honeysuckle maintains that the tendering of the certificate was a condition precedent to Honeysuckle's obligation to re-invest $100,000.00. As proof that Honeysuckle was not required to pay Plaintiff $100,000.00 immediately, Honeysuckle cites Plaintiff's tender of the certificate to Honeysuckle on April 1, 2005, when Plaintiff knew Honeysuckle had not yet paid Plaintiff for the shares.

Honeysuckle maintains that one week later, Plaintiff placed a stop transfer order on the certificate and intentionally concealed the order from Honeysuckle. Honeysuckle continued to provide Plaintiff with valuable marketing services that Plaintiff contracted for without objection from Plaintiff. Honeysuckle further claims that weeks passed until approximately May 20, 2005, when Plaintiff admitted that it no longer wished to maintain its contractual relationship with

Honeysuckle.  Plaintiff and Honeysuckle then discussed splitting the stock but did not reach agreement.  Honeysuckle claims that it also attempted to reach resolution with Plaintiff on two other occasions.

Honeysuckle maintains that on May 23, 2005, Plaintiff sent a letter to Honeysuckle's broker, Charles Schwab, without Honeysuckle's knowledge, allegedly trying to convince Schwab to interfere with the registration of the transfer.  It was not until a few days later, when Schwab telephoned Honeysuckle, that Honeysuckle became aware of the stop transfer order.  Honeysuckle further claims that because it was unaware of the stop transfer order, Honeysuckle placed orders to sell over 1.7 million shares of Plaintiff's stock at Schwab.  Honeysuckle could not fulfill the orders because of the stop transfer order.  Schwab therefore has been buying Plaintiff's stock in the market and billing the shares to Honeysuckle's account at whatever price the market bears.

According to Honeysuckle, in early June 2005, Defendant took the position that Honeysuckle's prior  "presentment" of the stock certificate was not proper and that Honeysuckle would have to present the certificate a second time.  Honeysuckle completed this process a second time on June 20, 2005.  At that time, Defendant notified Plaintiff that Defendant would be forced to register the certificate and transfer the shares within thirty days--*i.e.*, by July 20, 2005.

In the meantime, Honeysuckle sued Plaintiff in Texas state court and notified Plaintiff on June 28, 2005, of the suit.  Honeysuckle maintains that it asked Plaintiff to accept service and notify Honeysuckle in advance if Plaintiff intended to seek emergency relief.  According to Honeysuckle, weeks passed and Plaintiff was silent until July 18, 2005, when Plaintiff contacted Honeysuckle at this Court's request.

Plaintiff's lead counsel, Doug Echols, Esq., conceded that he was aware of the Texas lawsuit

-4-

filed by Honeysuckle against Plaintiff (although the papers filed in this Court make no mention of the suit) when he filed Plaintiff's lawsuit in this Court.

## CONCLUSIONS OF LAW

To prevail on a motion for a temporary restraining order or a preliminary injunction,[1] a plaintiff must show (1) a substantial likelihood that he or she eventually will prevail on the merits; (2) irreparable injury; (3) proof that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, will not be adverse to the public interest. *See Lundrin v Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  In *Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194-95 (10th Cir. 1999), the Tenth Circuit adopted a modified likelihood of success requirement.  If a movant can establish the other three requirements for a temporary restraining order or a preliminary injunction (the second, third, and fourth requirements listed above), the movant may satisfy the first requirement by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *See id.* (citing *Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995)).

In support of its request for emergency relief, Plaintiff addresses only the irreparable harm requirement.  Specifically, Plaintiff maintains that it will suffer immediate and irreparable harm if the Court does not enjoin Defendant from transferring the stock to Honeysuckle's broker.  According to Plaintiff, once the transfer is complete, Honeysuckle will have no incentive to pay Plaintiff the

---

[1] The substantive requirements for a preliminary injunction and temporary restraining order are identical. *See Valley Community Pres. Comm'n v. Mineta*, 246 F. Supp. 2d 1163, 1165-66 (D.N.M. 2002) (citing *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994)), *aff'd on different grounds*, 373 F.3d 1078 (10th Cir. 2004).

amount allegedly owed on the stock.  If unrestrained, ownership of the stock will pass to third parties with whom Plaintiff has no contractual relationship.  Plaintiff also argues that the only security Plaintiff has for the stock is the certificate itself, which permanently will be lost if the transfer is effectuated.  Plaintiff further maintains that Honeysuckle will be enriched unjustly in that it will enjoy a windfall until Plaintiff obtains a judgment in its favor for money damages.  Plaintiff also argues that allowing the stock to be transferred to third parties irreparably could affect the value of the other shares in the market, thereby damaging innocent parties.

Irreparable harm must be imminent and not remote or speculative.  *See* 13 James W. Moore *et al.*, Moore's Federal Practice ¶ 65.22[ 1][ b] at 65-43 to 44 (3d ed. 2002).  "[It] is an injury for which the court could not compensate the movant should the movant prevail in the final decree.  Thus, lost income or other economic loss that is calculable and compensable by monetary damages ordinarily will not be considered irreparable injury."  *Id.* at 65-42; *see also* 13 Moore 65.22[1][d] (a court will not issue a preliminary injunction if there is an adequate remedy at law available).  "[A] preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief."  11A Charles A. Wright, Arthur R. Miller, and Mary Ann Kane, § 2948.1 (2d ed. 1995).

Here, the injury alleged by Plaintiff, *e.g.*, the loss of Honeysuckle's incentive to pay, the loss of Plaintiff's security for the stock, and the unjust enrichment of Honeysuckle, is an injury for which the court could compensate Plaintiff.  The loss is clearly calculable, *i.e.*, the contract specifically lists the amount owed at $100,000.00, and the loss is compensable by monetary damages.  Because Plaintiff has an adequate remedy at law, Plaintiff cannot demonstrate irreparable harm.

Plaintiff also alleges, however, that allowing the stock to be transferred to third parties

-6-

irreparably could affect the value of Plaintiff's other shares in the market, thereby damaging innocent parties. Plaintiff's argument, however, is not convincing. Under the consulting agreement between the parties, Plaintiff contracted to transfer the two million shares to Honeysuckle and did not place any restriction on Honeysuckle's ability to transfer these shares to third parties. Accordingly, Plaintiff cannot now argue that irreparable harm will result from an action that Plaintiff should have contemplated could happen at the time Plaintiff entered into the contract. In addition, the Court notes that Plaintiff presented no evidence at hearing that innocent parties would be harmed if Defendant registers the certificate and transfers the shares to Honeysuckle.

In addition to failing to meet the irreparable injury requirement, Plaintiff also fails to meet the success on the merits requirement. Plaintiff's Complaint does not contain a single cause of action against Defendant. Plaintiff makes no allegation that Defendant improperly or unlawfully intends to register the certificate or transfer the stock to Honeysuckle. Indeed, the Complaint contains not one allegation of wrongdoing against Defendant. Rather, Plaintiff's only claim is that the law, *i.e.*, the Uniform Commercial Code, will require Defendant to transfer the stock to Honeysuckle absent intervention from the Court.

The Complaint and argument presented at hearing confirm that Plaintiff's only dispute is with Honeysuckle. Plaintiff, however, opted to exclude Honeysuckle, the real party in interest, from this litigation. Plaintiff chose not to include Honeysuckle in this lawsuit even though Plaintiff knew that Honeysuckle had filed a lawsuit against Plaintiff in Texas arising out of the same operative facts. Instead, Plaintiff sued its own transfer agent, with whom it has no dispute, and represented to this Court that its Request for Temporary Restraining Order and Preliminary Injunction was unopposed. Because Plaintiff chose to sue a party with whom it has no dispute and against whom, on the facts

-7-

before this Court, it cannot state a claim, Plaintiff cannot demonstrate a likelihood of success on the

merits.

       **IT IS THEREFORE ORDERED**, for the reasons stated herein and on the record, that

Plaintiffs' Request for Temporary Restraining Order and Preliminary Injunction, filed July 15, 2005

**[Doc. No. 1]**, is hereby **DENIED**.


Dated this 22nd day of July 2005.

                                 JUDITH C. HERRERA
                                 UNITED STATES DISTRICT JUDGE